

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD S. WILSON (D.O.C. #365317) | DOCKET NO. 09-CV-373; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CAPTAIN CARL COLEMAN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Edward S. Wilson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 in the Middle District of Louisiana on February 18, 2009. The case was transferred to this District on March 10, 2009, and Plaintiff's motion for leave to proceed *in forma pauperis* was granted on March 12, 2009. [Doc. #5]

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He complains that he was wrongfully deprived of good time credits while incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. He seeks an order restoring his good time credits and an award of twenty-five thousand dollars in damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Plaintiff alleges that, while housed at WCC, he lost a total of one thousand seven hundred seventy days of good time credits between September 18, 2006 and October 24, 2008. He alleges that most of the good time credits were ordered forfeited by Captain Sandy Taylor, whom Plaintiff had assaulted on one occasion. Plaintiff also alleges that Officers A. Menser and M. Strickland erred in computing his time.

## Law and Analysis

1. Release from Custody

Plaintiff seeks a speedier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A section 1983 action is appropriate for recovering damages resulting from illegal administrative procedures; *a habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.* See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). However, Plaintiff should note that before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956

(1987); Rose v. Lundy, 455 U.S. 509 (1982).[1] Since the exclusive federal judicial route to release from custody is habeas corpus, Plaintiff's claim lacks an arguable basis in law or fact.

2. Damages

In addition to an earlier release from custody and the restoration of good time credits, Plaintiff seeks an award of twenty-five thousand dollars in damages. The Supreme Court has held that a plaintiff in a 42 U.S.C. §1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," **unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus."** Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court has extended Heck

---

[1] Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990). Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
 (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
 (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
 (3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
 (4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

to prison disciplinary proceedings like the ones in question here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Plaintiff has not alleged that his disciplinary convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Thus, success in this suit would necessarily imply the invalidity of Plaintiff's disciplinary conviction and sanctions. Plaintiff claim is not cognizable in a 42 U.S.C. §1983 proceeding. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). His complaint should be dismissed as frivolous.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual**

4

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE